UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| TERMAIN KIRBY, |
|        Plaintiff, |
| -against- |
| WARDEN CARTER, et al., |
|        Defendants. |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

**21-CV-9056 (AT) (KHP)**

**TO: HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE**
**FROM: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Termain Kirby commenced this action as a pro se litigant seeking damages and injunctive relief under 42 U.S.C. § 1983, the Eighth Amendment, and the Fourteenth Amendment. Plaintiff alleges in his amended complaint that Defendants Warden Carter, Captain Guerra, Captain John Doe, and Captain Horton violated his constitutional rights while he was housed as a pre-trial detainee at the Vernon C. Bain Center ("VCBC") at Rikers Island. (*See* Amended Complaint, ECF No. 18 at 3; Complaint, ECF No. 3 at 5.) The Plaintiff originally filed the Complaint on October 19, 2021 along with 27 other pre-trial detainees (*Lee v. Carter*, 21-cv-08629, Complaint, ECF no. 1), but that case was severed into individual cases (Order Severing Claims, ECF no. 1).

      On May 2, 2022, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff failed to exhaust his administrative remedies and failed to allege a constitutional violation. (ECF No. 24.) The Plaintiff has not filed a response. For the reasons set forth below, I recommend that the motion to dismiss the Complaint be granted without prejudice.

**FACTUAL ALLEGATIONS**

Plaintiff was a pre-trial detainee housed in VCBC, Housing Unit 3-AA, at Riker's Island during the events described in the Complaint. On October 5, 2021, the Plaintiff and several other pre-trial detainees were left without toilet paper, soap, and toothbrushes for two to three days. (Amended Complaint at 4.) When the Plaintiff and the other detainees complained to Defendant Guerra, Guerra "pressed he[r] emergency security button which led to all the plaintiffs herein put into hand restraints and spayed[sic], and taken to the facility intake holding cells[.]" *Id.* In the holding unit, Plaintiff and the detainees were left without access to a working toilet and without food and water for seven to eight hours. (*Id.* at 5.) The detainees were also not given medical treatment or able to "disinfect from being sprayed[.]" (*Id.*) Plaintiff alleges that being without food and water was physically harmful as he was "robbed of proper nutrition and was not able to perform normal daily activities[.]" (*Id.*) Plaintiff also alleges he experienced nausea and headaches from dehydration. (*Id.*) He further alleges this was psychologically harmful as lack of water and food can be mentally and emotionally harmful and that was not able to breathe while being sprayed, which was particularly problematic for the Plaintiff as he has previous lung injuries. (*Id.*)

As of the date of this opinion, Plaintiff is no longer being held in the custody of the Department of Corrections ("DOC"). (Inmate Lookup Service, NYC DEPARTMENT OF CORRECTIONS, a073-ils-web.nyc.gov/inmatelookup (last visited December 9, 2022).)

**LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept all factual allegations in the complaint as true and draw all inferences in the Plaintiff's favor. *Littlejohn v. City of New York*, 795 F.3d 297, 306-07 (2d Cir. 2015). To survive a motion to dismiss, the complaint must contain "sufficient factual matter

. . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual allegations are not required, the complaint must contain more than mere "labels and conclusions." *Iqbal*, 556 U.S. at 678. It must contain more than "naked assertion[s] devoid of further factual enhancement" and a "formulaic recitation of the elements of a cause of action." *Id.* (internal citation and quotation marks omitted). As the Supreme Court explained in Iqbal, the "plausibility standard" asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995). Dismissal is appropriate only when it "appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

**DISCUSSION**

Defendants move to dismiss the Complaint on various grounds including that Plaintiff did not exhaust his administrative remedies and failure to state a claim. The Prison Litigation Reform Act ("PLRA") states that "no action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, (2002); *see also Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009). "[E]xhaustion is mandatory under the PLRA and [ ] unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The purpose of the PLRA is "to reduce the quantity and improve the quality of prisoner suits ... [and to afford] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) (quoting *Porter*, 534 U.S. at 524-25).

New York City Department of Correction maintains an administrative grievance procedure for inmates and detainees, including at Rikers.  *Massey v. City of New York*, 2021 WL 4943564 (S.D.N.Y. Aug. 30, 2021).  The procedure, known as the Inmate Grievance and Request Program ("IGRP") mandates that an inmate must either file a written grievance or call 311.  Within seven business days, the Grievance Coordinator will assess the grievance to determine whether it should be dismissed and closed, referred to a different entity or investigated.  IGRP § VI(A)(1).  Upon the close of an investigation, if one is conducted, the Grievance Coordinator will meet with the inmate to propose a resolution.  IGRP § VI(A).  If the inmate disagrees with the resolution, he may appeal to the Commanding Officer.  IGRP § VII(A)(1-2).  The Commanding Officer must indicate disposition of the appeal within five business days of receiving it.  IGRP § VII(B).  If the inmate still disagrees, he may appeal to the Division Chief, who has five business days after receipt of the appeal to indicate the disposition.  IGRP § VIII.  If the inmate is still dissatisfied with the outcome, he may appeal to the Central Office Review Committee ("CORC"), whose decision is final.  Paperwork pertaining to the appeal to the CORC must be transmitted to the Board of Correction, which then has five business days to offer any opinion or advice to the CORC regarding resolution. The CORC process then can take another ten business days, depending on the specifics of a grievance. IGRP § IX.  Thus, the

process of exhausting can take up to a month.  Courts strictly enforce use of this procedure and require an inmate to exhaust his claims through each level of the grievance process.  *Massey*, 2021 WL 4943564 at *7.

Failure to exhaust administrative remedies under the PLRA is an affirmative defense, *see Jones*, 549 U.S. at 215, and thus, the Defendants have the burden of proving that Plaintiff's claim has not been exhausted.  *See, e.g., Land v. Kaufman*, 2009 WL 1106780, at *5 (S.D.N.Y. Apr. 23, 2009); *Brown v. Austin*, 2009 WL 613316, at *5 (S.D.N.Y. Mar. 4, 2009).  Therefore, the Plaintiff is not required to specifically plead exhaustion in the complaint.  *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).  Nevertheless, dismissal of a complaint for failure to exhaust is permissible where "it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams*, 829 F.3d at 122.

Here, it is clear on the face of the complaint that the Plaintiff did not exhaust his administrative remedies.  The Complaint alleges the incident took place on October 5, 2021 and was ongoing for two to three days until October 7, 2021 or October 8, 2021.  The Complaint was delivered to prison official on October 12, 2021 (Complaint at 7) and filed with the Court on October 19, 2021 (*see* Order Severing Claims, ECF no. 1; *Lee v. Carter*, 21-cv-08629, Complaint, ECF no. 1). Therefore, the Complaint was signed only seven days after the incident and filed with the Court only fourteen days after the incident.  It is clear based on this timeline that Plaintiff failed to exhaust his administrative remedies because the internal grievance process could not have been completed within a period of seven or fourteen days.  *See McKinney v. City of New York*, 2020 WL 5775664 (July 23, 2020) *report and recommendation adopted*, 2020 WL 5775194 (Sept. 28, 2020) (dismissing complaint for failure to exhaust where only three weeks elapsed between the filing of the grievance on May 6, 2019 and signing of the complaint on May 28, 2019); *Rayside v. City of New*

5

*York*, 2019 WL 1115669 (S.D.N.Y. Mar. 11, 2019) (dismissing complaint for failure to exhaust where "only four business days elapsed between his filing of the grievance on May 29 and his filing of the Complaint in this action on June 4"); *Stokes v. de Blasio*, 2019 WL 132279 (S.D.N.Y. Jan. 8, 2019) (dismissing complaint for failure to exhaust where "only ten business days elapsed from the time the plaintiff's injuries occurred until the time the plaintiff filed his complaint"); *Perez v. City of New York*, 2015 WL 3652511, at *3 (S.D.N.Y. June 11, 2015) (dismissing the complaint for failure to exhaust because "only six days elapsed between the events that formed the basis of the action and the filing of the complaint").

In *Ross v. Blake*, the Supreme Court held that exhaustion may be excused when an administrative remedy is unavailable because "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; where the procedure is "so opaque that it becomes, practically speaking, incapable of use" such that "no ordinary prisoner can discern or navigate it"; or where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." 578 U.S. 632, 643-44 (2016). However, the Plaintiff has not alleged in the Complaint or Amended Complaint that the administrative grievance procedures were unavailable to him and has not responded to the Defendant's motion to dismiss.[1]  Further, there is nothing to suggest in the Complaints that the administrative procedures were unavailable to him.

---

[1] Plaintiff has not filed a response to Defendant's motion to dismiss despite multiple attempts by this Court both during a case management conference and by letters to give extensions for the Plaintiff's response and warnings that failure to respond would force the Court to decide the motion without the Plaintiff's response. *See* ECF No. 32, 33.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims are not properly exhausted and should be dismissed without prejudice on this ground.

**The Clerk of Court is requested to mail a copy of this order to the Plaintiff.**

Dated: December 9, 2022
       New York, New York

**SO ORDERED**.

_____
**KATHARINE H. PARKER**
**United States Magistrate Judge**

**NOTICE**

**Plaintiff shall have seventeen days, and Defendants shall have fourteen days, from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).  A party may respond to another party's objections after being served with a copy. Fed. R. Civ. P. 72(b)(2).**

**Plaintiff shall have seventeen days to serve and file any response.  Defendants shall have fourteen days to serve and file any response.  Any objections and any responses to such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and served on the other parties.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Torres.  The failure to file timely objections shall result in a waiver of those objections for purposes of appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).**